THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

MARGARET FITZGIBBONS.

*Opinion filed June 17, 1899.*

1. INSTRUCTIONS—*ordinary care is implied in words "without negligence or fault."* An instruction which requires the jury to find, from the evidence, that the plaintiff was "without negligence or fault" before she is entitled to a verdict sufficiently presents the requirement of ordinary care.

2. SAME—*when instruction as to disregarding testimony is not misleading.* An instruction authorizing the jury to disregard the entire testimony of a witness only when it is palpable that he has deliberately and intentionally testified falsely as to some material matter *and is not corroborated by other evidence,* will not be held to mean that false testimony must be regarded if corroborated by other evidence of the same kind.

3. SAME—*when instruction does not authorize disregard of defendant's evidence.* An instruction for plaintiff that a preponderance of the evidence does not necessarily mean the greater number of witnesses, but that such evidence as satisfies and produces conviction in the minds of the jury will constitute a preponderance, does not authorize the jury to disregard defendant's evidence, where other instructions fully announce the rule that plaintiff must establish her case by a preponderance of all the evidence.

4. DAMAGES—*amount of damages not capable of exact measurement is for the jury.* Where damages are shown to exist by the evidence in a personal injury case but are of such a character as to be incapable of exact measurement, the question of their amount is for the determination of the jury from a consideration of the facts proved, in connection with their knowledge, observation and experience in the affairs of life.

*North Chicago Street R. R. Co.* v. *Fitzgibbons,* 79 Ill. App. 632, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

DARROW, THOMAS & THOMPSON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee was a passenger on appellant's street car August 6, 1891, and in alighting therefrom at the corner of Clark street and North avenue she fell upon her back, fracturing her hip bone. She brought this suit in the circuit court of Cook county, where she obtained a judgment for her damages, which has been affirmed by the Appellate Court.

The errors assigned are the giving of instructions numbered 1, 2, 4 and 5, at the request of plaintiff. The obligation and the breach thereof alleged in the declaration were, that it was defendant's duty to give plaintiff an opportunity to safely alight at North avenue and to stop a reasonable time for such purpose, and that it disregarded such duty by carelessly and negligently causing the car to be started suddenly and violently while she with due care and diligence was about to alight therefrom, whereby she was thrown from the car and suffered the injury. The first instruction which is complained of stated as a rule of law this duty so alleged, and then sub-

mitted to the jury a question of fact whether, under the evidence, there was an omission of the duty, resulting in the injury. It purported to state all the facts which, if proved, would require a verdict for the plaintiff, and the objection made is, that it omitted the requirement of ordinary care on the part of the plaintiff, which was essential to a recovery. The instruction does include in the hypothesis of fact the element which is said to be omitted. It authorizes the jury to find a verdict for plaintiff only upon condition that they believe, from the evidence, she was injured by reason of the carelessness or negligence of the defendant, as stated in the instruction, "without negligence or fault on her part." If the evidence proved that there was neither negligence nor fault on her part then she was in the exercise of ordinary care.

The subject of the second instruction is the duty of the jury to consider all the testimony, and, in passing upon the credibility of the witnesses, to reconcile, if possible, apparently conflicting statements, and it says that a jury is warranted in disregarding the entire testimony of a witness only where it is palpable that he has deliberately and intentionally testified falsely as to some material matter and is not corroborated by other evidence. This part of the instruction is objected to, and it is not drawn with entire accuracy, but we do not think the jury would understand that if there were enough false witnesses testifying to the same thing, so as to corroborate each other, the jury must believe each of them. The jury would hardly suppose that the court meant they should not disregard the testimony of a witness deliberately and intentionally testifying falsely, if there were other witnesses of the same kind who testified in the same way.

The fourth instruction is, in substance, that a preponderance of the evidence does not necessarily mean the greater number of witnesses, but that such evidence as satisfies and produces conviction in the minds of the jury will constitute such preponderance. The objection made

to this instruction is, that it authorizes the jury to disregard the evidence for the defendant. It does not in terms do so, and in several other instructions the jury were told that it was their duty to consider all the testimony. In the second instruction the jury were directed to consider carefully all the testimony in the case. The eleventh stated the duty of the plaintiff to establish her case by a preponderance of the evidence, and directed the jury to return a verdict for defendant if all the evidence was equally balanced, or if the preponderance was in favor of the defendant, or the jury were in doubt and unable to say on which side was the preponderance. In the sixteenth the jury were told that the burden of proof was not on the defendant, and if the preponderance of the evidence did not show that the plaintiff fell because of the car being suddenly started the verdict should be for defendant. The twentieth instructed them to give a fair and impartial consideration to all the evidence, and if it preponderated in favor of the defendant, or if, after a consideration of all the evidence, they were unable to say whether the fall of plaintiff was caused as alleged or from some other cause, they should find the defendant not guilty. We do not think the jury could have understood that they might disregard the evidence on the part of defendant.

The fifth instruction is as follows:

"If, from the evidence of the case and under the instructions of the court, the jury shall find the issue for the plaintiff, and that the plaintiff has sustained damages as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life."

The complaint is, that the instruction authorized the jury to act upon facts not in evidence but within their knowledge, and that it should have been limited to the general knowledge, observation and experience. of the jurors. It is not contended that some witness must give an opinion as to the amount of damages which is not permissible except as to actual expenditures. Where there are elements of damage, such as expenditures, capable of pecuniary measurement, the law requires that the amount shall be proved. But there are other elements in this case which are not capable of exact measurement. The amount of compensation for pain and suffering and the future consequences reasonably certain to result are not capable of exact proof by any pecuniary standard. Such damages are alleged in the declaration and the evidence tends to prove them. Damages of that class must be proved by the evidence and must not be uncertain, contingent or speculative, which may or may not have been sustained or may or may not happen in the future. The evidence produced on the trial must show the existence of such damages and their nature, and that defendant caused them. But the question of their amount must be left, from necessity, to the deliberate judgment of the jury, the trial court and the Appellate Court. The jury, from the nature of the case, must estimate such damages by considering the facts and circumstances proved, in connection with their knowledge, observation and experience in the affairs of life. We do not think the jury would understand, from the instruction, that they might consider injuries outside of the evidence, which they might individually know of.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*