MARGARET C. HOBBS, Appellee, v. THE CITY OF MARION, Appellant.

Personal Injury: PLEADINGS: DUE CARE. In an action for a personal injury, an allegation that "when without fault or negligence upon her part or that of the driver the horse became frightened and unmanageable" charged due care on the part of plaintiff to avoid the injury.

Instructions: DAMAGES: LACK OF PROOF. An instruction which authorizes the jury to take into consideration as elements of damage injury to property and expense for care and nursing, where the amount of damage and value of the services are not shown by the evidence, is error,

Negligence. Where the evidence is in conflict, negligence is a question for the jury.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

FRIDAY, MAY 6, 1904.

ACTION at law to recover damages for personal injury. Verdict and judgment for plaintiff, and defendant appeals. —*Reversed.*

*Voris & Haas* for appellant.

*Smith & Smith* for appellee.

WEAVER, J.—The plaintiff and her adult daughter were riding in an·open carriage drawn by a single horse along a street in the defendant city. The horse, which was being driven by the daughter, became frightened and unmanagable, as is claimed, and overturned the carriage in a gutter or ditch at the side of the wagon track, seriously injuring the plaintiff. It is alleged that the ditch was deep and dangerous, and that the city had negligently left the same un-

guarded; and that, but for such negligence, the accident would not have occurred. The petition demands damages for the physical and mental suffering thus occasioned to the plaintiff, together with the sum of $150 for expenses incurred in nursing and care made necessary by her injury; for the services of a physician in the further sum of $20; and for injury to the carriage $10. The claims are all put in issue by the answer.

I. The first point made in argument is that the petition does not allege due care on part of the plaintiff to avoid the injury of which she complains. The allegation made is that 1. PLEADINGS: plaintiff and her daughter were driving upon due care. the street, "when, without fault or negligence upon her part or that of the driver, the horse became frightened and unmanageable," and in its fright ran the wheel of the carriage into the ditch, thus causing plaintiff's injury. It is said that this does no more than allege absence of contributory negligence in the matter of the escape of the horse from the control of the driver, but not as to the accident which followed. Perhaps the allegation could have been made with more technical aptness, but we think it is sufficient. The pleader evidently intended to be understood as saying that plaintiff and her driver were without negligence or fault in respect to the accident in which the injuries were received, and this was all which was required. The case was tried and submitted to the jury on the theory that plaintiff must show herself free from contributory negligence in order to recover, and, defendant having had the benefit of the correct rule of law in this respect, the court will not indulge in hypercriticism of the pleadings to find a reason for disturbing the verdict.

II. Error is assigned upon the sixth paragraph of the court's instructions to the jury. In this instruction the court charged the jury concerning the elements or items to be considered in fixing the amount of plaintiff's damages in case she was found entitled to a verdict. Among other things, the court said:

2. INSTRUCTIONS: damages: lack of proof.

"You may take into consideration what, if any, bodily pain plaintiff may have suffered by reason of such injury, mental anguish, and distress, loss of the use of her arms and shoulders, expense for care and nursing, doctor's bill, and damage to her buggy." It is objected to this that there is no evidence as to the expense incurred for care or nursing, nor of the value of the care or nursing given the plaintiff, nor of the amount of the damage to the buggy; and that, in the absence of such evidence, the jury should not have been permitted to place its own estimate upon these items. An examination of the record forces us to the conclusion that this objection is well taken. While the evidence does tend to show that the buggy was injured, and that plaintiff did receive the attention and care which her unfortunate condition required, we find nothing to show the value of such services, or the amount of such damages. The jury may, and, indeed, must, be left to place its own estimate upon damages for pain and suffering, for they are not measurable by the test of market values; but the value of services and the amount of damage to property are matters concerning which, under ordinary circumstances, direct and competent evidence is available, and without it they should not go to jury. *Muldowney v. R. R.,* 36 Iowa, 462; *Trapnell v. Red Oak,* 76 Iowa, 744; *Nichols v. R. R.,* 68 Iowa, 732; *White v. Spangler,* 68 Iowa, 222; *Eckerd v. R. R.,* 70 Iowa, 353; *Winter v. R. R.,* 74 Iowa, 448. Under the rule established by these cases, we think the giving of the instruction was prejudicial error.

III. It is also urged that there was no evidence upon which the jury was justified in finding the defendant negligent in respect to the condition of the street where the acci-

3. NEGLIGENCE. dent occurred. There was a marked conflict in the testimony as to the condition of the driveway and gutter at that point, and we think the question of due care by the defendant was properly left to the jury.

Many other objections are raised to the charge of the court and to rulings upon the admission of evidence. Some

of the instructions are not happily worded, but, except as noted in the preceding division of this opinion, we do not find them erroneous.   The objections to testimony are not well taken, or are of such a character as will not be likely to arise on a retrial of the case.

For the error above noted, the judgment of the district court is REVERSED.