JOHANNA SPRATLEN, ADMINISTRATRIX, APPELLANT, V.
JAMES C. ISH, ADMINISTRATOR, APPELLEE.

FILED FEBRUARY 21, 1917.   No. 19123.

Negligence: INJURY: PROXIMATE CAUSE. The proximate cause of an
injury is that cause which, in the natural and continuous sequence,
unaccompanied by any efficient intervening cause, produces the in-
jury, and without which the result would not have occurred.

APPEAL from the district court for Douglas county:
CHARLES LESLIE. JUDGE. *Affirmed.*

*De Bord, Fradenburg & Van Orsdel* and *John O.
Yeiser,* for appellant.

*W. W. Slabaugh,* contra.

MORRISSEY, C. J.
In December, 1909, Fred Spratlen and his family were
tenants of Martha M. Ish. The house was equipped with
gas fixtures, and was lighted by gas. One of the pipes
which ran through the cellar was so constructed that
there was a sag or bend therein, and as the moisture
in the gas became cooled during the cold weather it
settled in this sag and froze. The ice thus formed
stopped the flow of gas. Some member of the Spratlen
family notified the gas company, and the company sent
a man to remedy the trouble. He opened a number of
gas jets (among others the one in the bedroom in
which plaintiff's decedent slept), and poured alcohol
into the pipes for the purpose of thawing the ice. The
jet in decedent's bedroom was left open, but, owing to
the ice in the pipe, no gas escaped at the time. Mr.
Spratlen came in during the night and retired as usual.
Some time afterwards, by the action of the alcohol and
the rising temperature, the ice thawed, the gas flowed
through the pipe, escaped through this jet which the
gas company's agent had left open, and Mr. Spratlen
was asphyxiated.

The widow, as administratrix of his estate, filed suit against the gas company and Mrs. Ish, the owner of the house. Subsequently plaintiff made a settlement with the gas company, which paid $3,000 into court and was discharged of all liability, and the case against Mrs. Ish was dismissed. Plaintiff then filed this suit against Mrs. Ish and her son, James C. Ish. The petition seeks to attach liability to Martha M. Ish on the theory that she, as the owner of the house, maintained this defective and improperly drained pipe in which the liquid froze; that this freezing prevented the flow of the gas; that the gas company's employee undertook to eliminate the trouble; that in doing so he left the gas jet open; that the gas company was negligent in leaving the jet open; and that Mrs. Ish was negligent in maintaining these sags or traps in the gas pipes.

James C. Ish, it was alleged, was not a licensed plumber, but that he had done the plumbing in this instance, and was therefore liable for its defective condition. James C. Ish denied that he had done the plumbing. The cause of action against him seems to have been abandoned on the appeal. At the conclusion of plaintiff's evidence, the trial court, on defendants' motion, directed the jury to return a verdict for both defendants. Motion for new trial was overruled, and the plaintiff appeals.

Plaintiff argues that this accident would not have happened if the defendant had not trapped the water in the pipe; in other words, had the pipes properly drained, the agent of the gas company would not have been called and the jet would not have been left open; that the negligent construction of the pipe and the negligent conduct of the gas company were concurrent, and therefore Mrs. Ish and the gas company are jointly and severally liable. Perhaps this case might be disposed of under the rule in *Davis v. Manning*, 98 Neb. 707, but we think it better to meet the direct question: Was the alleged negligent plumbing the proximate

cause of the injury? If this question is answered in the negative, it is unnecessary to determine the rights of landlord and tenant.

The alleged negligence, it will be noted, consisted in permitting one of the gas pipes to sag so that it did not drain properly, and the liquid therein froze and shut off the flow of gas which was desired for illuminating purposes. Had the gas jet been left closed, this would merely have caused inconvenience in lighting the house, but would have caused no other injury. Asphyxiation does not occur from shutting off the flow of gas, but from permitting it to escape. No stretch of the imagination will permit a holding that asphyxiation of plaintiff's decedent was the natural and probable result of such plumbing. If it was not, plaintiff is not entitled to recover.

"An injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable, nor is an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it, but for the interposition of some new, independent cause that could not have been anticipated." *Chicago, St. P., M. & O. R. Co. v. Elliott,* 5 C. C. A. 347, 20 L. R. A. 582.

"The concurring negligence of another cannot transform an act of negligence which is so remote a cause of an injury that it is not actionable into a cause so proximate that an action can be maintained upon it. It cannot create a liability against one who does not legally cause it, or make an injury the natural and probable result of a prior act of negligence which was not, or would not have been, such a result in its absence." *Cole v. German Savings & Loan Society,* 59 C. C. A. 593, 63 L. R. A. 416.

Even assuming that defendant had knowledge of the defective plumbing, that she knew that the liquid in the gas might not drain off properly, that the pipes would freeze and the flow of the gas be intercepted,

yet she could not have foreseen that the gas company's agent would open the jet and remove therefrom the porcelain tip, and leave the jet open, that plaintiff's decedent would return home during the night and retire without observing the condition of the gas jet, that while he slept the temperature would rise and thaw the ice, that the flow of gas would be resumed and the fatal consequences follow. The defect in the plumbing is legally too remote to contribute to the death, or to impose liability upon the landlord. It was not the proximate cause of the injury. That the trap or sag in the pipe furnished the causation or condition which rendered the accident possible is not to be disputed, but it cannot be logically and reasonably maintained that the landlord should have foreseen or anticipated the negligent conduct of the gas company's employee.

The judgment is

AFFIRMED.

LETTON, J., not sitting.