## Willis v. Barber.

Nov. 10, 1939.

**418**

L. D. Bruce, Lovel H. Liles and John F. Coldiron for appellant.

R. H. Riggs for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On December 30, 1935, the appellee and plaintiff below, Cecil Barber—then an infant 18 years of age—was injured while working as a miner extracting coal from a small coal mine theretofore opened and operated on the farm of appellant and defendant below, Charles Willis. He sought by this action filed by him against defendant in the Greenup circuit court by his next friend to recover damages therefor which he laid in his petition at the sum of $25,000. The alleged injuries were produced by the falling of slate or other rock from the roof of the mine from beneath which, as appears from the meager preparation of the case, plaintiff had just extracted the coal. Defendant's answer in its first paragraph denied all of the material averments of the petition. In another paragraph the doctrine of independent contractor was relied on, it being averred that at the time of plaintiff's injury the operation of the mine was conducted by an independent contractor. A third paragraph relied on contributory negligence. Following pleadings made the issues and upon trial before a jury it returned a verdict, under the instructions given it by the court, in favor of plaintiff for the sum of $2,500, upon which the court rendered judgment and overruled defendant's motion for a new trial, to reverse which he prosecutes this appeal.

The record discloses a number of departures from

approved practice committed by all parties connected with the case, but a number of which need not be mentioned, since the judgment must be reversed for reasons hereinafter stated, and the errors not mentioned will in all probability not occur on a second trial. The brief for defendant vigorously contends that the judgment should be reversed because of error of the court in overruling his motion for a directed verdict in his client's favor, and which is based upon the insistences, (a) the court lost jurisdiction of the case because of an order entered on the docket showing that plaintiff dismissed his case without prejudice, but which was set aside at the same term without objection or exception; (b) the defense of independent contractor was proven and consequently there was no relation of master and servant between the parties litigant; (c) insufficient testimony to prove failure on the part of defendant to furnish propping timber which was the only negligence attempted to be proven at the trial, and (d) the proof clearly established contributory negligence "as a matter of law." Complaint is also made of the instructions of the court and especially No. 5, and lastly, it is insisted that the court erred in not granting a new trial because of newly discovered evidence after the trial.

The petition alleged negligence in most extreme general terms on the part of the defendant, and in charging the defendant with negligence in such general terms it was averred that it was committed by "defendant, his agents, lessees and employees," because of all of which plaintiff was caused to suffer physical and mental pain and anguish and will continue to permanently do so, and was likewise deprived of his power to earn money, "all to his damage in the sum of $25,000."

It will be perceived that one class of actual operators of the mine, for whose alleged derelictions defendant is sought to be held liable, is that of his lessees, and which if true would exonerate him from liability under his defense of independent contractor, unless he retained supervision and management, as well as control, over the mining operations. Possibly that allegation made the petition defective and bad on demurrer; but the court ruled otherwise and held the petition good as tested by defendant's demurrer filed thereto.

Nowhere in the petition—nor in any amendment tendered or filed thereto—was any amount sought to be

recovered of defendant as special damages arising from the services of physicians, hospital or nurses, nor did plaintiff or any other witness testify with reference thereto although he did say that a physician, whose name he gave, attended him following his injury. However, he did not introduce that physician, nor any other kind of medical or surgical expert, to show the nature and character of his injuries, the pain and suffering they were calculated to produce, the final result thereof, or any other fact bearing upon the extent or the amount of damages to which he would be entitled if the jury should find in his favor against defendant on the merits of the case.

The paucity of plaintiff's testimony on the crucial facts of the way and manner he was injured, and on the extent of his injury, is illustrated by these excerpts taken therefrom:

"Q. What happened that day? A. Between seven and eight o'clock I slipped knocking coal and a piece of slate fell on me and broke my back in two places.

"Q. Go ahead and explain to the Court and Jury just the extent of your injury? A. I was sitting knocking coal and was on my knees and when I stopped knocking coal I sat back on my knees and set my elbow on a piece of coal I had knocked and when I did that a piece of slate fell on me."

Press Watkins, the alleged independent contractor, and who actually employed plaintiff to work in the mine, was beside him in the same room and engaged in the same work when plaintiff sustained his alleged injuries, and in his testimony he was asked and answered:

"Q. Go ahead and explain how he was injured? A. Well, we went in the mines to work; we laid some track and the boy wanted to knock some coal, he hadn't knocked much and I told him to be sure and not knock back very far and he said he wouldn't; we needed some timber in there but we didn't have any except a couple of big logs; we had a 'dual' (probably dull) saw but you couldn't cut with it was the reason there was no timbers in there; I had a buggy (of coal) I wanted to take out and I went out with it and just as I came back I saw the boy turn his head and I seen the slate fall and turn over on the boy and I ran to him as quick as I could," &c.

The testimony as so given by those two witnesses is all that the record contains touching the two points of (1) extent of plaintiff's damage, and (2) how the injury to him occurred. It will be perceived that no pain and suffering were testified to, nor did anyone testify as to permanent injury, and the proof upon the issue as to the way and manner plaintiff came to be injured—as stated by those two witnesses—was rather to be attributed to his own act in extracting the coal from under the rock which fell on him, than to a failure of defendant or anyone else to prop an already exposed overhead rock that it was the duty of the employer to discover and warn plaintiff of it, as well as guard against possible injury by its falling. In the condition of the testimony—to say nothing about the petition—we are convinced that the court should have sustained defendant's motion for a peremptory instruction in his favor. It is also undeniably true that the court erred in submitting to the jury under the proper measurement of damages, any expense item for physicians, hospital or nurses, there not being any claim for any such items, nor any proof in the case to establish them even if plaintiff had incorporated them in his petition.

It is also argued in brief for appellant that the court erred in giving to the jury instruction No. 5, which left to that tribunal no criterion by which it might determine whether the relationship of master and servant existed between defendant and plaintiff; but we need spend no time in answering that argument, since the instruction was drawn and offered by defendant's counsel and was given to the jury upon his motion, and it requires no argument to show that he may not complain of it on this appeal, since the error, if any, was committed at his request and not by any unsolicited action on the part of the court.

On the issue of independent contractor the evidence for both sides is very unsatisfactory; but upon the whole we have concluded that it was sufficient to authorize its submission to the jury; but for the reasons indicated the judgment is reversed, with directions to sustain the motion for a new trial and set it aside, and for proceedings not inconsistent with this opinion.