GEORGE D. TAYLOR *v.* ANATOLE QUESNEL.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Louis Lisman* and *Ezra S. Dike* for the defendant.

*Sylvester & Ready* for the plaintiff.

MOULTON, C. J.   This is an action of tort, arising from an automobile collision. Verdict and judgment were for the plaintiff. At the close of the evidence, the defendant moved for a directed verdict on the ground that the plaintiff was contributorily negligent, as a matter of law. The motion was overruled subject to exception.

Taking it most favorably for the plaintiff the evidence was to this effect:—At 8:30 P. M. on February 25, 1942, the plaintiff was driving in a southerly direction on Shelburne Road in the town of

South Burlington, at a rate of forty miles an hour. Snow was falling and was being blown by the wind. The surface of the road was partly covered with ice, and the plaintiff knew that this condition was likely to occur anywhere thereon, and realized the difficulty of stopping his car under such circumstances. The lights on his car were dimmed. He could see the tail light of the defendant's car, but not its outline, proceeding in the same direction, at a distance of about one hundred and fifty feet ahead. A truck passed both cars, going in the opposite direction, and its lights, combined with the snow which blew as it passed, blinded the plaintiff, and he reduced speed to twenty to twenty-five miles an hour, meanwhile proceeding for seventy-five feet through the obscurity. When the snow cleared away so that he could see, he was directly behind the defendant's car and about twenty-five feet away from it. He did not attempt to turn aside, because the road was slippery with ice, but applied the brakes for the first time. The ice prevented the brakes from stopping the car, which slid forward and collided with the rear of the defendant's automobile, causing the damage complained of. The defendant's car was on its own right side of the center of the road. The defendant had been driving at the rate of twenty miles an hour. The snow interfered with his sight, and when the truck approached, he was blinded. He testified that he reduced speed to ten miles an hour and was moving when hit, but the plaintiff and other witnesses riding with him said that when seen at a distance of twenty-five feet he had stopped. Whichever account may be correct is, as will be seen, not controlling.

■■ There is nothing in this case to exempt the plaintiff from the operation of the rule that where the vision of the driver of an automobile is obscured, whether by the lights of an approaching car, fog, smoke or for any other reason, it is his duty to stop until visibility is restored, or to reduce his speed and have his car under such control that he can stop immediately if necessary. *French* v. *Nelson,* 111 Vt 386, 391, 17 A 2d 323; *Powers* v. *Lackey,* 109 Vt 505, 507, 1 A 2d 693; *Palmer* v. *Marceille,* 106 Vt 500, 508, 175 A 31; *Steele* v. *Fuller,* 104 Vt 303, 311-12, 158 A 666. The known presence of ice on the road and the proximity of the defendant's car made this duty all the more urgent. Common prudence required the plaintiff to realize that the same conditions that confronted him would also confront the defendant, and to anticipate that the latter, when he could not see ahead, would slow down or come to a com-

plete stop. Under the circumstances, the plaintiff was guilty of negligence which directly contributed to the accident. It was error to deny the motion for a verdict.

It is not necessary to consider the exception taken to the argument of plaintiff's counsel.

*Judgment reversed and judgment for the defendant to recover his costs.*