59 N.W.2d 576 (1953)
157 Neb. 641
HAIGHT
v.
NELSON.
No. 33358.
Supreme Court of Nebraska.
July 3, 1953.
*578 George J. Marshall, Riverton, for appellant.
William H. Meier, Minden, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.
WENKE, Justice.
This is a tort action brought in the district court for Kearney County by Earl Haight against Vernon Nelson. It arises out of the fact that sometime between 11:15 and 11:30 p. m. on the night of June 21, 1951, defendant drove his car into the rear of plaintiff's car while the latter was standing on U. S. Highway No. 6 at a point approximately 6¾ miles west of Minden, Nebraska, resulting in serious damage thereto. Several issues were raised by the pleadings but we shall mention them only in connection with our discussion of the different contentions made by the parties as they relate thereto. The cause was tried and submitted to a jury and it returned a verdict in favor of the defendant. Plaintiff thereupon filed an alternative motion asking for either a judgment notwithstanding the verdict or for a new trial. This motion having been overruled plaintiff appealed and defendant has cross-appealed.
The following facts are either admitted by the pleadings or conclusively established by the evidence: That appellant and his family, consisting of his wife and an 11-year-old son, had, on June 21, 1951, been to Lexington, Nebraska, to attend a meeting; that about 10 p. m. that evening they left Lexington in their car, a 1949 Hudson 2-door brougham, which appellant was driving, *579 to return to their home at Riverton, Nebraska; that the car was apparently in good condition as no previous difficulty had been experienced therewith; that as they were returning to Riverton by way of Kearney, Nebraska, at a point approximately 1½ miles east of the intersection of State Highway No. 44 and U. S. Highway No. 6, which intersection is to the south of Kearney, appellant's car, due to mechanical failure, came to a stop on the oil mat surfaced area of Highway No. 6; that appellee, his family, and some relatives had been to Holdrege, Nebraska, on that day; that they left Holdrege that evening to return to their home at Minden, Nebraska; that they were traveling in appellee's car, a 1949 Mercury 2-door sedan, which appellee was driving; that this car was apparently in good working condition; that it had been raining hard; that although this rain had generally ceased it was still misting and raining slightly requiring both cars to have their windshield wipers working; that visibility for driving was satisfactory; that the oil mat surface of Highway No. 6, which at this point was 24 feet wide, was wet; that Highway No. 6 at the place of the accident is straight and level; that appellee was driving from 40 to 50 miles an hour; that very shortly after appellant's car came to a stop appellee's car ran into the rear thereof causing substantial damage thereto as well as to appellee's car; and that injury was also caused thereby to some of the occupants of appellee's car.
Appellant's principal contention is that the court erred in not directing a verdict for him and in failing to submit to the jury only the question of the amount of the damage that his car had suffered. This is on the theory that the facts of this case bring it within the principle that:
"As a general rule it is negligence, as a matter of law, for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." Buresh v. George, 149 Neb. 340, 31 N.W.2d 106.
"The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though he is rightfully on the highway and has the right-of-way or is driving on the side of the highway where he has a lawful right to be. He must keep a lookout ahead or in the direction of travel or in the direction from which others may be expected to approach and is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance." Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N.W.2d 250, 255.
As stated in Buresh v. George, supra: "The basis of this rule is that a driver of an automobile is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop his automobile in time to avoid it."
And in applying this principle: "The existence or presence of smoke, snow, fog, mist, blinding headlights, or other similar elements which materially impair or wholly destroy visibility are not to be deemed intervening causes but rather as conditions which impose upon the drivers of automobiles the duty to assure the safety of the public by the exercise of a degree of care commensurate with such surrounding circumstances." Murray v. Pearson Appliance Store, supra.
In determining this issue we apply the following rule in our consideration of the evidence: "A motion for a directed verdict must, for the purpose of a decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and said party is entitled to have every controverted fact resolved in his favor, and to have the benefit of every inference that can reasonably be deduced from the facts in evidence." Buresh v. George, supra.
There is evidence from which the jury could have found that appellant's car was of a dull dark green color; that it was spattered and begrimed from the wet oil *580 mat surface over which it had been traveling; that it came to a stop in the east bound or south lane of travel of U. S. Highway No. 6; that it had no lights on it as it stood there; that its color caused it to blend into the color of the wet oil mat surface; that appellee's light extended for at least 100 feet; that appellee was looking and watching ahead for traffic on the highway but did not see appellant's car until it was only about 50 feet ahead of him; that he was unable to turn and avoid hitting it, although there was plenty of room to the left or north thereof in which to pass; and that, because of the foregoing, appellee's car ran into the rear of appellant's car very shortly after it came to a stop.
We have qualified or made exceptions to the rule hereinbefore set out. In Buresh v. George, supra, we said: "However, on unlighted streets and highways, and those lighted but where the light is obstructed, we have made exceptions to this general rule when the nature of the object or its condition, such as color, dirt, et cetera, in relation to the highway or road, affected its immediate visibility or when, because of the lights of oncoming traffic, the driver's attention is distracted or his vision impaired and his opportunity for immediate discernment thereby affected. In such cases we have held that the issue of the driver's negligence, if any, and the degree thereof is for the jury."
"Users of the highway are required to exercise reasonable care. What is reasonable care must, in each case, be determind by its own peculiar facts and circumstances." Murray v. Pearson Appliance Store, supra.
We think the factual situation here came within the foregoing and that the court was correct in submitting this issue to the jury. See, Plumb v. Burnham, 151 Neb. 129, 36 N.W.2d 612. This the court did by its instruction No. 5. Consequently it did not err in refusing to give appellant's requested instructions Nos. 1 and 4. These requested instructions, insofar as proper, were sufficiently covered by the instructions given.
"Instructions should be considered together in order that they may be properly understood, and when, as an entire charge, they properly submit the issues to the jury, the verdict will not be set aside * * *." Blanchard v. Lawson, 148 Neb. 299, 27 N. W.2d 217, 218.
Appellant contends prejudicial error occurred when, over objection and motion to strike, the court allowed appellee to testify appellant told him, shortly after the accident, that: "You don't have to worry about your car because I have liability insurance on mine." We have said: "* * * it is reversible error for the trial court to permit plaintiff on his case in chief to show that defendant is indemnified from loss by an insurance company, where such proffered evidence is not relevant to any material issue in the case." Fielding v. Publix Cars, Inc., 130 Neb. 576, 265 N.W. 726, 105 A.L.R. 1306.
In discussing this question we said: "But, where the plaintiff shows that defendant carries liability insurance, when it is not relevant to some issue in the case, we have come to the conclusion that it is inadmissible. Such evidence can have no relevancy to the question of negligence. It cannot be disputed that there are cases where liability insurance may be the subject of evidence, or the object of interrogatories, if the fact of insurance bears upon an issue in the case. In other words, if the evidence is properly admissible for any purpose, it cannot be excluded for the reason that it tends to prejudice the defendant because it shows or tends to show that he carries liability insurance." Fielding v. Publix Cars, Inc., supra. See, also, Lund v. Holbrook, 153 Neb. 706, 46 N.W.2d 130.
This evidence was not relevant to any material issue in this case. It was clearly error to admit it. But all evidence erroneously admitted is not necessarily prejudicial. If the appellee's causes of action set forth in his cross-petition, wherein he sought to recover damages for injuries to himself, his car, and for loss of companionship and services of his wife, who was injured in the accident, and for the expenses, including those for medical and hospital services, which he necessarily had been required *581 to pay because thereof, had been submitted to the jury it would clearly have been prejudicial. However, here appellant's right to recover can in no way be affected thereby as certainly the fact that he had liability insurance to protect others would in no way relate to his right to recover against appellee. We think it was error to admit this evidence but not prejudicial so as to require a reversal.
Appellant also contends the trial court erred in not permitting him to testify to the speed of appellee's car and of its ruling in striking out such testimony.
Appellant, who was sitting in his car, did not see appellee's car approach but did hear it as it did so and felt the immediate impact when it hit. Based on these facts, that is, what he heard, the immediate impact, and his observation of what happened as a result thereof, appellant sought to testify as to the speed of appellee's car.
Ordinarily where it appears from the evidence of a witness that, although he saw the car in movement immediately before the accident, but he had no reasonable length of time, movement in distance, or other means to use as a basis upon which to formulate an opinion as to the speed thereof, he should not be allowed to testify in regard thereto.
We have considerably modified the strict enforcement of this rule. See Koutsky v. Grabowski, 150 Neb. 508, 34 N.W.2d 893; Kraft v. Wert, 150 Neb. 719, 35 N.W.2d 786; Schluter v. State, 153 Neb. 317, 44 N. W.2d 588. However, we have never eliminated the requirement that the witness must at least have observed the car in movement immediately before the accident. In the absence of such observation we do not think the witness is qualified to answer.
Some mention is made by appellant of the following rule: "`The rule that a verdict will not be disturbed when there is evidence tending to support it does not apply where the verdict is opposed to the undisputed physical facts of the case, or is in flat contradiction of recognized physical laws, * * *.' Dodds v. Omaha & C. B. Street R. Co., 104 Neb. 692, 178 N.W. 258." Hill v. Interstate Transit Lines, 137 Neb. 110, 288 N.W. 508, 509. We can see no application of that principle to the facts of this case.
Appellee's cross-appeal relates to the court's ruling sustaining appellant's motion, made at the end of the trial when both parties had rested, to direct a verdict in his favor on appellee's causes of action contained in his cross-petition and to withdraw from the jury the question of any contributory negligence on the part of the appellant.
In ruling on this motion the court said: "There is no evidence of any kind which shows that the plaintiff was at fault because of his car stalling on the highway. He had a right to drive on the highway. And if his car stalled on the highway the law doesn't put him in a position of being liable if someone runs him down or causes damage to him."
In his answer and cross-petition appellee alleged appellant was negligent, which negligence was the proximate cause of the accident, in the following particulars:
"(a) in parking said automobile on the travelled portion of the highway so as to obstruct traffic thereon and be and become a hazard and without due regard for the weather and the condition of the road;
"(b) in failing to have the lights burning on his said automobile;
"(c) in failing to give any warning to the approaching vehicles that said automobile was obstructing traffic on the travelled portion of the road."
For the purpose of determining this issue, we apply to the evidence adduced the principle quoted from Buresh v. George, supra, which has already been set forth herein.
From the evidence adduced the jury could have found that appellant, on his return trip from Lexington to Riverton, started having trouble with his lights just before getting to Kearney; that the lights would dim; that he went through Kearney and started south from there on State Highway No. 44; that when about 2 miles south of Kearney he again started having the same trouble; that he returned to Kearney and there had a mechanic endeavor to fix the trouble; that the mechanic *582 found what he thought was the trouble and advised appellant he had fixed it; that appellant again started south on Highway No. 44; that he had no trouble until he reached a point on Highway No. 44 about 2 miles north of where it intersects with U. S. Highway No. 6; that then the same trouble reoccurred and for the first time it affected his motor by causing it to cut out or miss; that he stopped his car and flagged down another car which was going in the same direction; that he made arrangements with the driver of this car to follow it into Minden, which was east of the intersection on U. S. Highway No. 6; that he followed this car to the intersection and then east on Highway No. 6; that his car, during this time, continued to have the same trouble; that he was traveling about 20 miles an hour; that when he had traveled a distance of about 1½ miles east on Highway No. 6 his motor died out completely and the lights went out; that this was due to the fact that the battery in the car had burned out; that as it did so he pushed in the clutch and tried, while the car was still traveling, to get as far off the traveled surface as possible; that he did not get it completely off the traveled surface, the car stopping in the east bound or south lane for travel; that he then tried to start the motor of the car but the starter would not work; that the party whom he was following turned around and then, by agreement, was going west to turn around and come back and push his car into Minden; and that before he could do so, and very shortly after the car had stopped, it was hit in the rear by appellee's car. It should here be stated Lamoine Fern testified that appellant told him, after his car stalled, he tried to get the motor started but could not and in doing so ran down his battery.
This is not a case of operating or parking a car on a highway at night without appropriate lights as required by our statutes sections 39-778 and 39-7,112, R.R.S. 1943. It is a case where the operator thereof, because of reasons beyond his control, found it impossible to prevent his car from stalling on the highway without power or lights or to do anything in regard to moving it, after it had so stalled, before it was hit. See, Pierson v. Jensen, 150 Neb. 86, 33 N.W.2d 462.
Section 39-757, R.R.S. 1943, formerly section 39-1154, Comp.St.Supp.1931, as far as here material, provides: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; Provided, * *. The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."
We said of the statute in LaFleur v. Poesch, 126 Neb. 263, 252 N.W. 902, the following: "Section 39-1154, Comp.St. Supp.1931, prohibiting parking or to leave standing any vehicle whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of the business or residence district, when it is practicable to leave such vehicle off the paved or improved or main traveled portion of the highway, does not, by an express exception contained therein, apply to any automobile which is disabled, while on the paved highway, in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."
And in Plumb v. Burnham, supra, we said [151 Neb. 129, 36 N.W.2d 614]: "The mere stalling of a motor vehicle temporarily upon the highway, caused by an exhaustion of the gas supply, would not ipso facto constitute negligence as a matter of law, but a failure to use ordinary care in removing the stalled vehicle from the highway within a reasonable time when it was possible to do so, would be negligence."
It is appellee's thought that because appellant did not drive off of the paved surface of the highway and stop on the shoulder of the road, while his car was still able to operate, instead of trying to follow the car into Minden or because he *583 used up his battery in trying to start the car, a jury could find he was guilty of negligence that contributed to the accident and was a proximate cause thereof. While this is not material, since the verdict on appellant's cause of action was for appellee, we shall briefly discuss the matter as it has some relation to whether or not appellant could be found guilty of any negligence.
"In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Stark v. Turner, 154 Neb. 268, 47 N.W.2d 569, 570.
"Negligence is the omission to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do." Murray v. Pearson Appliance Store, supra [155 Neb. 860, 54 N.W.2d 252].
"Foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. It is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated." 1 Shearman & Redfield on Negligence (Rev. ed.), § 24, p. 50.
We think the evidence shows that appellant did only what any reasonably prudent person would ordinarily have done under the circumstances and nothing that such a person would not have done. We find, as a matter of law, there is no evidence of any conduct on the part of appellant from which a jury could have found he was negligent. It should be remembered the accident happened so quickly after the car stalled that appellant did not have a reasonable time to remove it from the travelled portion of the highway.
From a consideration of all the contentions made by the parties we find neither has any grounds for reversal. We therefore affirm the action of the trial court.
Affirmed.