ORD HARDWARE COMPANY, APPELLEE, V. J. I. CASE THRESH-
ING MACHINE COMPANY, APPELLANT.

FILED FEBRUARY 6, 1909.   No. 15,484.

1. **Appeal: INSTRUCTIONS.** It is reversible error to instruct a jury on
an issue not sufficiently raised by the pleadings, and which is un-
supported by the evidence, where it is apparent that such instruc-
tion has resulted in an excessive verdict.

2. **Principal and Agent:** ACTION FOR COMMISSIONS: CONTRACT: CON-
STRUCTION. Where, in an action by an agent against his princi-
pal to recover money alleged to be due on commissions, it clearly
appears that the parties have adopted a fair and reasonable con-
struction of their contract and have acted thereon for a number
of years, the court will also adopt such construction.

3. **Appeal: JUDGMENT: REMITTITUR.** Where the adoption of such con-
struction results in reducing the question of the amount of plain-
tiff's recovery to a mere matter of computation, this court may
make such computation, and require plaintiff to file a remittitur
of the excess of the judgment rendered in the trial court over
the amount he was entitled to recover, or submit to a reversal
of his judgment.

APPEAL from the district court for Valley county:
JAMES R. HANNA, JUDGE. *Remittitur ordered.*

*O. A. Abbott* and *H. E. Oleson,* for appellant.

*A. M. Robbins, contra.*

BARNES, J.

This action was brought by the Ord Hardware Com-
pany against the J. I. Case Threshing Machine Company
in the district court for Valley county to recover the sum
of $591.25 alleged to be due the plaintiff as commissions
for selling a threshing outfit. The plaintiff had a verdict
and judgment in the court below, and the defendant has
brought the case here by appeal.

It appears from the pleadings and the evidence that
the plaintiff was the agent of the defendant company

26

under a written contract of agency, which had been re-
newed from year to year for a period of something like
seven years; that on or about the 14th day of July, 1899,
the plaintiff as such agent sold the threshing outfit in
question to Coon and Anderson, residents of said county,
for the agreed price of $2,260, which was evidenced by
certain notes, as follows: "$365 due Dec. 1st, 1899; $400
due Jan. 1st, 1900; $365 due Dec. 1st, 1900; $400 due Jan.
1st, 1901; $350 due Dec. 1st, 1901; and $380 due Jan. 1st,
1902." The payment of the first two notes was guaran-
teed by the plaintiff, and the remainder of the purchase
price was secured by a chattel mortgage on the property
sold. That part of the written contract of agency relat-
ing to commissions was as follows: "But it is understood
that no commission is earned or payable where from any
cause a machine shall be returned by the purchaser, or is
taken by the company in settlement of any note or notes,
or part thereof given therefor, or is bid in by the company
upon sale on execution, attachment or foreclosure. A
nonnegotiable commission certificate or equivalent in-
strument shall be issued by the company representing the
commission to accrue upon each such instalment, payable
upon full payment in money of the note or instalment
represented by such certificate * * * reserving the right
to the company to renew, extend or compromise all notes
at its discretion." This contract was modified as to the
sale in question by the following letters: "Lincoln, Neb.,
July 15th, 1899. Ord Hardware Company, Ord, Neb.
Gentlemen: I have yours, also the Coon *et al.,* as sent in
by our Mr. McFarland. We do not wish to accept this
order in this way. But if you will accept your commis-
sion proportionately on the last four notes, on the pay-
ments due in 1900, and give us this year's payment with-
out commission we will accept the order and ship the
goods immediately. What we mean by this is not to re-
duce the amount of your commission, but that you accept
them proportionately on the 1900 and 1901 payments.
If this is satisfactory to you and you wish this rig shipped

immediately please wire us, and the rig will go forward at once. Awaiting your reply, we remain yours very respectfully, J. I. Case, T. M. Co., E. F. Gittings." "Ord, Neb., 7-25-99. J. I. Case, T. M. Co., Lincoln, Neb. Gentlemen: Please change the Coon and Anderson rig to a 36-in. cylinder 58 rear instead of the small separator 32 by 54, and be ready to send out in about eight or ten days, for they came in today and told us to let it come about that time, and we may have something to load with it about that time, and we will settle by your letter of July 15th, '99, taking our commission out of the 1900 and 1901 notes. They don't want the rig for about ten days, so we may want to ship something else with it. Yours resp., Ord Hardware Co., by A. J. Firkins, mgr."

The sale was made on those terms, and shortly thereafter the defendant furnished the plaintiff with four commission certificates, as follows: $111.60 on note due Dec. 1, 1900; $122.40 on note due Jan. 1, 1901; $107 on note due Dec. 1, 1901; $106.50 on note due Jan. 1, 1902. These certificates were accepted and retained by the plaintiff, and no complaint appears to have been made or objection raised to them until the commencement of this action. It also appears that they refused to surrender them when, later on, and some time in the year 1903, the defendant, being unable to collect the amount still due for the threshing outfit, took back the machine and surrendered up the unpaid notes. It further appears that the two notes guaranteed by the plaintiff, due December 1, 1899, and January 1, 1900, and against which no commission certificates were issued, were paid after considerable delay, and that long after the third note became due there was paid thereon the sum of $163.36; that the matter remained in that condition until in July, 1903, when the final settlement was made, and the outfit was returned to the defendant, there was paid by Coon and Anderson a further sum of $350, which fully paid the first three notes in question. The amended petition set out the agency, the contract for commissions, the letters above quoted, the

payments made, the settlement which was concluded between Coon, Anderson and the defendant, alleged that it was thereby made impossible to collect the remainder of the notes, and claimed a judgment for full commissions, which it was alleged amounted to $591.25, together with interest thereon.

The answer of the defendant set out the sale of the machinery, the notes given therefor, the commission certificates that were issued and delivered to the plaintiff; alleged that the plaintiff had kept and refused to surrender them; had demanded payment on them, and denied that any other or different commission was due, alleged that no commission was ever demanded on the first two notes, and that by the words contained in the letter, "This year's payments," the parties understood payments for the current year, and not the calendar year, alleged the payment of the first two notes, and the payment of the $163.76 on the third note, and no more, alleged the surrender of the property and the payment of $350 in settlement; that the property was much depreciated by use; that the balance due was much augmented by interest, and that the settlement was made in good faith and to prevent further loss to the defendant. The pleadings also contained some matters relating to alleged imperfections in the machinery, and threatened litigation. The defendant specially denied that the settlement in question was made in order to cheat or defraud the plaintiff. The reply admitted the dates and amount of notes, denied all other allegations contained in the answer, and alleged that the settlement or repurchase of the machinery was in part settlement of the damages sustained by the purchasers, and for the purpose of cheating and defrauding plaintiff out of its commission.

There is no serious disagreement between the parties or conflict of evidence as to the principal facts involved in this case. It is disclosed by the evidence that some complaints were made by Coon and Anderson about the machinery; that the defendant replaced such parts as were

complained about; that Coon and Anderson used the machine at least three years; that none of the notes were paid promptly when they became due, but were paid in instalments from time to time, and after much urging, and that at the time of the settlement the purchasers refused to make any further payments, and that the payment of $350 made at that time was for the purpose of avoiding litigation and closing up a losing transaction; that it was accepted by the defendant, together with the machinery in its damaged and worn out condition, and that the remainder of the notes were canceled and delivered up to the makers.

With the record and the evidence in this condition, the trial court instructed the jury, at the request of the plaintiff, as follows: "The jury are instructed that where two persons enter into a contract, the one to furnish articles and the other to sell them on commission, and receive his commission when the notes taken for the articles are paid for, the person furnishing the goods cannot retain or reserve the right in said contract to defraud the person acting as agent, nor reserve or retain the right to do any act or thing which will operate as a fraud upon the seller on commission. If the seller or agent sells goods and takes good paper, which is collectible at law, or which is well and amply secured, the seller or principal cannot so interfere with the customer of the seller so that the effect of said interference, or that the effect of such transaction, is necessarily fraudulent toward the agent and seller of goods on commission, which act would deprive him of the commission to which he was lawfully entitled, and which act was not necessarily done in order to protect the principal, then the seller or agent of the goods would have a right to demand of the principal the whole amount of the commission, notwithstanding the fact that the principal might seek to reserve in the contract those rights which would, if exercised, result in such fraud upon the seller and agent."

The giving of this instruction was duly excepted to by

the defendant, and is now assigned as reversible error. While it is true that parties cannot lawfully agree to commit a fraud, and the instruction as an abstract proposition of law may be correct, we are of opinion that it has no application to the facts of this case. The pleadings do not fairly raise an issue of fraud, and there is no competent evidence in the record tending to establish that issue. The evidence clearly shows that the contract was made in good faith, and was well understood by both parties. By the construction which they had given the contract for many years the selling price of the machinery was determined by adding to the list price the amount of commissions agreed upon, and the sum thus obtained was what the customer was required to pay. When time was given to the purchaser each note taken in payment carried its share of the total commission, and whenever it was paid in full the agent was entitled to so much of his commission as was included therein. In case the machine was returned or was taken back, the agent was not entitled to any commission on the unpaid portion of the purchase price. It is true that this contract was modified or changed by the agreement contained in the letters above quoted so as to postpone or transfer the payment of the commission to the last four notes, but, when the machine was taken back by the defendant and those notes were surrendered, the agreement contained in the letters was necessarily abrogated, and the plaintiff was entitled to recover so much of the commission as should have been included in the first two notes, which had been paid in full. As to the third note for $350, on which there had been paid at that time the sum of $163.36, so much of the $350 paid to the defendant at the time of settlement as was necessary to pay that note in full should have been applied to that purpose (*Belcher v. Case Threshing Machine Co.*, 78 Neb. 798), and the plaintiff would then have been entitled to receive the amount of the commission contained therein. This is a fair construction of the contract, and is the one previously adopted by the parties

themselves. The jury, therefore, would have been authorized to return a verdict for the plaintiff for the sum of $223.75, with interest thereon from the 13th of July, 1903, at the rate of 7 per cent. per annum, and no more. Notwithstanding. this fact, the verdict was for $448.80, for which final judgment was rendered. We therefore conclude that the giving of this instruction was reversible error.

It is conceded by the defendant, however, that the plaintiff was entitled to recover $143.15, so in any event it should have had a verdict. As we view the record, there is really no dispute as to any relevant fact contained therein, and the whole question should be treated and disposed of as one of law. Giving the contract the construction placed upon it by the parties themselves, the amount which the plaintiff was entitled to recover was a mere matter of computation, and was such part of the whole commission agreed upon as the amount of the fully paid notes bear to the selling price of the threshing outfit. The price agreed to be paid by the purchaser was $2,260; the amount paid to take up the first three notes was $1,130, or one-half of the selling price; the amount of the commissions agreed upon was $447.50, and plaintiff was therefore entitled to receive one-half of that sum, or $223.75. This was payable when the settlement was concluded, and the plaintiff should have interest thereon from that date to the time of the trial at the rate of 7 per cent. per annum. The verdict should have been for $287.05, and a new trial would probably result in such a verdict. We think, however, the case should be disposed of without further litigation or expense, and it is therefore considered that, in case the plaintiff files a remittitur of all of the judgment rendered in the court below, except $287.05, within 40 days from the filing of this opinion, the judgment of the district court will be affirmed. But, if a remittitur is not so filed, the judgment is re-

versed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

REESE, C. J., not sitting.