AGNES BELIK, APPELLEE, v. MIKE WARSOCKI, APPELLANT.

FILED MARCH 30, 1934. No. 28789.

*Reed, Ramacciotti & Robinson,* for appellant.

*Gray & Brumbaugh* and *Leo Fried, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

CHASE, District Judge.

This action is to recover damages for personal injuries alleged to have been occasioned by an automobile accident. The case was tried to a jury resulting in a verdict for the plaintiff, and from the action of the trial court overruling a motion for new trial and rendering judgment on the verdict the case is presented to this court for review.

Numerous grounds are assigned for reversal, one of which is that the court erred in overruling defendant's motion to direct a verdict. Another is that the verdict of the jury is contrary to the evidence. We shall confine our discussion to these two propositions.

The plaintiff alleges for her cause of action that she was riding in an automobile as the guest of the defendant, and that due to the gross negligence of the defendant in the operation of the automobile he caused the same to overturn, from which she suffered injuries.

The facts may be summarized as follows: Late in the

afternoon of November 13, 1931, the plaintiff, her mother and stepfather, her sister, being the wife of the defendant, and the defendant, her brother-in-law, together with two small children, were all returning to their home in the city of Omaha from the funeral of a half-sister, which they had attended. They were traveling over highway No. 16, which is paved by a concrete slab approximately 18 feet in width. When they reached a point a few miles east of where the road crosses the Elkhorn river bridge in Douglas county, traveling in an easterly direction, the defendant driving, at a rate of speed from 40 to 45 miles an hour, the car approached near three girls walking east, side by side, along the north edge of the pavement, occupying about four or five feet thereof. As the defendant's car approached near these pedestrians a car came from the east, both cars reaching the girls about the same time. The car coming from the east, in an apparent endeavor to pass the girls, suddenly turned to the south, five or six feet across the black line in the middle of the pavement. The defendant, startled by the sudden appearance of the approaching car in his lane of travel, in order to avoid colliding with the same, suddenly turned his car to the right until the two right wheels were off the pavement. After passing the girls he turned the car to the left trying to get back upon the pavement, which is four or five inches higher at that point than the earth shoulder along the south edge. In making the turn the right front wheel caught the edge of the pavement, causing his car to swing, and as it climbed up on the pavement it veered about somewhat, lost its equilibrium and turned over on its side, sliding into the ditch on the south side of the pavement, where it finally stopped.

What we are called upon to determine, under the facts presented by the record, is whether or not there was sufficient evidence of gross negligence, which was the proximate cause of the plaintiff's injuries, as would warrant the court in submitting the question to the jury.

The plaintiff contends that the driver was guilty of

gross negligence, in that he was operating the automobile at a high rate of speed with his right hand, while his left arm was upon the window. This claim is hardly borne out by the evidence, as his wife, who was sitting in the front seat with the defendant, testifies that he was sometimes accustomed to drive in that manner, but at that time she would not say whether he had been or not. The defendant testified that he was using both hands in the operation of the automobile. The guest law applicable to this case provides:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of said motor vehicle being under the influence of intoxicating liquor or because of the gross negligence of the owner or operator in the operation of such motor vehicle." Comp. St. Supp. 1931, sec. 39-1129.

There being no claim of any intoxication on the part of the driver, therefore, we must confine our investigation solely to the question of gross negligence.

It appears without dispute that the highway at this particular point passes through open country, with nothing to obstruct one's vision for at least one mile to the eastward. On the homeward journey the defendant had been driving this car for approximately 40 miles just before the accident occurred. He had a few seconds previously rounded a curve possibly 300 feet back of the scene of the accident. He had been, at the rate of speed he was driving, able to go around this curve without accident.

This court has held that the question of gross negligence must be determined from the facts and circumstances of the particular case under consideration. *Morris v. Erskine*, 124 Neb. 754. An automobile driven at a certain rate of speed might amount to gross negligence under certain circumstances, when it would fall far short thereof under other or different circumstances. In construing the guest law this court recently held:

"We are of the opinion that in adopting the guest act the legislature used the term 'gross negligence' as indicating a degree of negligence. Negligence may be slight, ordinary, or gross. Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature.

"What amounts to gross negligence in any given case must depend upon the facts and circumstances. What would amount to gross negligence under certain circumstances might, under different circumstances, be even slight negligence." *Morris v. Erskine,* 124 Neb. 754.

It can hardly be gainsaid that just before the accident happened the defendant was confronted with an emergency, in that the automobile traveling westward suddenly turned into his lane of travel, which required the defendant to make a decision almost within the twinkling of an eye, as to the best course to pursue in order to avoid an accident. The law is quite well settled that, where one is confronted suddenly with an emergency and is required to act quickly, he is not necessarily negligent if he pursues a course which mature reflection or deliberate judgment might prove to be wrong. The law does not require under such circumstances that no mistake should be made. All it requires is that one demean himself as an ordinary, careful and prudent person would have done, under like circumstances, and if he does that, he is not held to be negligent, even though he committed an error in judgment. *Wilson v. Roach,* 101 Okla. 30. Neither is a person, under such circumstances, required to exercise the same degree of care and circumspection a prudent person would have exercised where no danger is present. *Frish v. Swift & Co.,* 97 Neb. 707. It has also been held that where two alternatives are presented to a traveler on a highway as modes of escape from collision with an approaching traveler, either of which might fairly be chosen by an intelligent and prudent person, the law will not hold him

guilty of negligence for taking either. *Skene v. Graham,* 114 Me. 229.

This defendant, having observed the approaching automobile on its proper side of the highway, coming toward him, would have a right to assume that it would continue to remain on its proper side of the road and not violate the law in turning into his lane of travel. *Bainter v. Appel,* 124 Neb. 40. Therefore, when it turned across the middle line of the pavement into the defendant's lane of travel, he was then suddenly confronted with a highly dangerous situation of such a character as the law did not require him to anticipate.

In cases where it is claimed the evidence is not sufficient to support the verdict, great care should be exercised by the reviewing court in weighing and analyzing the evidence. Owing to the degree of negligence necessary, the guest statute presents cases somewhat new in character. Almost invariably the occupants of the car are either relatives or intimate friends, and consequently friendly to recovery. Especially is this true in cases where an insurance company will be the one ultimately liable. Oftentimes even the defendant seems willing to stultify himself by confessing to wrong-doing that the plaintiff might prevail. The record in this case appears quite the reverse. Both the defendant and his wife (who are sister and brother-in-law to the plaintiff) are to be commended for the apparently truthful manner in which they detail the story of the accident. They are the only ones who were able to see and detail accurately what occurred at the time.

Giving due consideration to all the material facts as they appear, we cannot adopt the view that the evidence of defendant's conduct was sufficient to require submission of the issue of gross negligence to the jury. Consequently it was error for the trial court to overrule the motion for a peremptory instruction. The judgment is reversed and the cause remanded.

REVERSED.