ROSE RIEKES, APPELLANT, V. ALBERT L. SCHANTZ, APPELLEE.

12 N. W. 2d 766

FILED JANUARY 25, 1944. No. 31634.

*Webb, Beber, Klutznick & Kelley* and *Harold R. Lebens,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

CARTER, J.

This is an appeal from a judgment in favor of the defendant in a personal injury action growing out of an automobile accident at a street intersection in the city of Omaha. The record shows that defendant moved for a directed verdict at the close of plaintiff's evidence, which motion was overruled. The motion was renewed at the close of defendant's evidence and it was then sustained. From the judgment of dismissal, entered in accordance therewith, the plaintiff appeals.

In considering the evidence, for the purpose of reviewing the correctness of the trial court's order directing a verdict for the defendant, we will assume the existence of every material fact which the evidence of plaintiff tends to establish, as well as all reasonable inferences to be drawn therefrom. *Anderbery v. Katz,* 142 Neb. 872, 8 N. W. 2d 207. It is just as fundamental that where different minds may reasonably draw different conclusions from the same facts as to whether or not they establish negligence or contributory negligence, such issues should be submitted to a jury. *Parks v. Metz,* 140 Neb. 235, 299 N. W. 643. The question to be determined is whether the action of the trial court in directing a verdict was correct in view of the foregoing rules.

The evidence shows that on December 9, 1941, plaintiff left her home at about 10 a. m., and proceeded east on Farnam street. As she approached the intersection of Farnam street and 51st avenue she observed an automobile approaching from the south. When she first observed this car it was about 100 feet south of the stop sign, the stop sign itself being about 20 feet south of the south curb of Farnam street. Plaintiff was about 25 feet west of the east curb line of 51st avenue when this observation was made and was traveling at a speed of 20 or 25 miles an hour. Plaintiff testifies that she then slowed down, looked to the north and, seeing no cars coming from that direction, again looked to the south. Defendant's car was then 10 feet south of the stop sign advancing at a speed of 40 miles an hour. Plaintiff's testimony is that defendant's car continued at the same rate of speed, failed to stop at the stop sign, and crashed into the side of plaintiff's car. Plaintiff's evidence is that she expected the defendant to stop at the stop sign and when he failed to do this she stepped on the accelerator and turned to the left in an attempt to avoid the collision. The evidence is clear that defendant did not change his direction and that the accident occurred in the northeast quadrant of the intersection.

The physical facts disclose that plaintiff's car suffered material damage on the right side. The right front fender was badly bent and the body badly damaged back of the right front fender and in front of the right door. The evidence clearly indicates that this was the point of impact with defendant's car. There is evidence that the frame was bent in, the manifold broken, the rear motor hangars broken and the motor pushed to the left. The record also discloses that plaintiff's car continued on after the collision and ran into a tree located about 33 feet east of the curb of 51st avenue. As a result of the impact with the tree the bumper of plaintiff's car was bent in the middle so that it resembled a "U."

Defendant's car was damaged mostly at the front. The headlights were bent to the right, all indications being that

the force of the impact was from the left. After the accident the car was lying on its left side in the northeast quadrant of the intersection. The testimony of defendant conflicts materially with that of the plaintiff. He testifies that he stopped at the stop sign, proceeded into the intersection when it was clear and was struck by plaintiff's car traveling at a high rate of speed.

There is evidence in the record that the vision of the parties was partially obstructed, but we find no evidence in this respect which is material in determining the question here presented.

Plaintiff's evidence indicates that she approached and entered the intersection prior to the defendant. She testifies that she knew the location of the stop sign and assumed that defendant would stop. We think that a person traveling a favored street protected by stop signs may properly assume that oncoming traffic will obey them. The evidence shows that plaintiff approached the intersection from defendant's left, but in view of the fact that plaintiff's evidence is that she entered the intersection first with knowledge of the stop sign protecting her from the right, we do not think this fact is at all material here. Defendant contends that plaintiff was negligent in speeding up in an attempt to avoid the collision. If the plaintiff's evidence be true, she was faced with an emergency when defendant's car came through the stop sign at a high rate of speed. We have said many times that, where one is confronted suddenly with an emergency and is required to act quickly, he is not necessarily negligent if he pursues a course which mature reflection or deliberate judgment might prove to be wrong. All the law requires is that one conduct himself as an ordinary, careful and prudent person would have done under similar circumstances, and if he does that he is not held to be negligent, even though he committed an error of judgment. *Belik v. Warsocki,* 126 Neb. 560, 253 N. W. 689. We cannot say therefore that the act of plaintiff in speeding up her car under the situation disclosed by her testimony constituted contributory negligence sufficient to bar recovery as a matter of law.

Defendant relies upon the physical facts to sustain his position. A careful examination of them reveals nothing that is wholly inconsistent with the theory of either party. For the physical facts to be sufficient to bar a recovery they must indisputably demonstrate that the collision out of which the cause of action arose was not caused by defendant's negligence. The physical facts shown by the record in the present case do not so show.

There were only two witnesses to the accident, the plaintiff and the defendant, and their testimony is very conflicting. The physical facts recited in the record are not undisputed or conclusive and, though properly admissible, are not sufficient upon which to direct a verdict. After considering plaintiff's evidence in the light of the rules hereinbefore set out we think it was sufficient to receive the consideration of the jury. We conclude, therefore, that the trial court erred in directing a verdict for the defendant. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.