CYRUS C. ROBY, APPELLEE, v. HOBART M. AUKER, APPELLANT.

37 N. W. 2d 799

Filed May 26, 1949. No. 32598.

H. E. Siman and George W. Leamer, for appellant.

*Mark J. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff sued to recover damages sustained in an automobile accident. The defendant counterclaimed for the damages sustained by him. The jury returned a verdict, for the plaintiff in the amount of $1,977.98. The defendant appeals.

The evidence shows that on February 4, 1946, plaintiff was traveling west on U. S. Highway No. 20 at a point four miles west of South Sioux City, Nebraska. The defendant was traveling east, and at the scene of the accident came up behind another car traveling east at a speed in excess of 25 miles an hour. Defendant turned out to pass the car ahead of him, into the path of plaintiff's car, and an accident resulted. The collision occurred about 8 a. m. It was a foggy morning, which cut the visibility to approximately 400 feet. The pavement was straight, level, and icy. When defendant first saw plaintiff's car he applied his brakes and lost control of his car on the icy pavement. Plaintiff attempted to avoid the accident by turning his car onto the right shoulder of the highway. The cars collided on the north side of the highway and caused the injuries for which this action was brought. A more complete statement of the evidence can be found in the opinion written on a former appeal of this case to this court. Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491.

The defendant contends that plaintiff was not entitled to recover for the reason that plaintiff was guilty of negligence more than slight as a matter of law. The evidence in the present case is almost identical with that at the former trial. We held on the former appeal that the trial court did not err in refusing to sustain defendant's motion for a directed verdict. For the reasons stated in the former opinion, we hold that

defendant's motion for a directed verdict was properly overruled by the trial court in the second trial.

The defendant also contends that plaintiff was not entitled to recover as a matter of law under the doctrine of the last clear chance. The evidence on this subject contained in the record on this appeal is the same as on the former appeal. We there said that whether or not the defendant was entitled to the benefit of the last clear chance doctrine was a question for the jury. For the reasons stated and the authorities cited in the former opinion, we hold that the application of the last clear chance doctrine was a question for the jury to determine.

Defendant assigns as error the giving of instruction No. 13. The part of the instruction criticized is as follows: "Under this rule, if you find both parties were negligent, the plaintiff cannot recover in this case if you find from the evidence that his negligence when compared with that of the defendant was more than slight; * * *." It is the contention of defendant that before the comparative negligence statute can operate it must appear that the negligence of the plaintiff was slight without respect to the degree of negligence on the part of the defendant. If this be true, the quoted portion of the instruction would be technically erroneous.

The applicable portion of the pertinent statute provides: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, * * *." § 25-1151, R. S. 1943.

We do not think there is merit in defendant's contention. The statute by the use of the words "when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison" clearly intended the words "in comparison" as qualifying both of the clauses immediately preceding.

The words "slight" and "gross" as used in the statute are comparative terms and the intent of the statute is that the negligence of the parties shall be compared one with the other in determining questions of slight and gross negligence.

We think the rule announced in Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158, supports this view. It was therein said: "The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though the defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery." It will be noted that the foregoing rule is predicated on a comparison of the negligence of the parties in determining the liability of both the plaintiff and the defendant, that is, the question of slight or gross negligence as used in the statute are both dependent upon a comparison of the negligence of the parties, one with the other.

The defendant urges that the verdict is excessive. The judgment rendered was for $1,977.98. According to the petition filed by plaintiff he suffered damage by virtue of the following items: Personal injuries sustained by the plaintiff, $1,000; damage to automobile, $900; loss of use of car, $300; towing of automobile from the scene of the accident, $10; and injuries sustained by plaintiff's wife, $100.

The cost of repairing plaintiff's car was conclusively fixed by the evidence at $410, and the cost of towing the automobile from the scene of the accident was similarly established at $5. There is no competent evidence that

plaintiff suffered any loss of the use of his car during the time it was being repaired. The claim for injuries to plaintiff's wife was properly withdrawn from the jury by the trial court. Consequently, the evidence sustains the verdict only to the extent of $1,415.

When a judgment is excessive and the items composing the excess can be ascertained, a remittitur may properly be required as a condition to its affirmance. McKay v. Hinman, 13 Neb. 33, 13 N. W. 15; Trester v. Pike, 60 Neb. 510, 83 N. W. 676; Ord Hardware Co. v. J. I. Case Threshing Machine Co., 83 Neb. 353, 119 N. W. 682; Braun, Ray Bros. & Finley Co. v. A. F. Roberts Construction Co., 122 Neb. 182, 239 N. W. 924.

If the plaintiff will file a remittitur within 20 days reducing this judgment to the principal sum of $1,415, and interest thereon, the judgment of the district court will be affirmed, as thus modified; otherwise the judgment will be reversed and the cause remanded for a new trial.

AFFIRMED ON CONDITION.