JOHN ANDELT, JR., APPELLANT, V. COUNTY OF SEWARD,
APPELLEE.
60 N. W. 2d 604

Filed October 23, 1953. No. 33354.

*McKillip, Barth & Blevens,* for appellant.

*Kirkpatrick & Dougherty* and *Russell A. Souchek,* for
appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.
This is an action for damages to an automobile and
for personal injuries resulting from an alleged negli-
gently maintained public highway of defendant. At the

close of plaintiff's evidence the trial court sustained a motion for a directed verdict and dismissed plaintiff's petition. Plaintiff appeals. We reverse the judgment of the trial court and remand the cause for further proceedings.

The issues presented by the pleadings were those of negligence of the defendant and negligence of the plaintiff as the sole cause and as contributory negligence. Here the parties presuppose negligence of each and reduce the issue to the question as to whether or not the negligence of the plaintiff was sufficient under the contributory negligence rule as a matter of law to prevent submission of the cause to a jury. We determine that question.

We review the evidence in the light of that issue and the often-repeated established rule as to the consideration of the evidence on a motion for a directed verdict. See Cunning v. Knott, *ante* p. 170, 59 N. W. 2d 180.

There is a county highway in Seward County running north and south. It connects at the south end with an intersecting highway. About one-half mile north of that intersection is a bridge 24 feet long and 16 feet wide. The evidence as to this road is that the traveled portion of the road was 19 feet and 6 inches wide at the south end. Its width farther to the north is not shown, but the evidence indicates that it narrowed down in the traveled portion to a one-lane road toward the bridge. Its condition is described in the evidence from fairly smooth and level to narrow, poor, and more or less rutty.

There is evidence that sometime in June 1951, the dirt approach to the north side of the bridge washed out in part, leaving a dangerous condition, but remained passable, and was used thereafter by parties on the highway. That the defendant had notice of that condition the next day is not challenged here.

On the night of this washout in June a farmer living between the intersection and the bridge placed sawhorses with a board nailed across them 3 feet from the

ground and 9 feet long. This structure was placed within 48 to 60 feet from the intersection so as to extend across the right-hand lane of travel. It had no sign or other indication as to why it was placed there. It did not bar travel on the west side of the road, and traffic went in and out around it leaving traffic marks on the road surface. The bridge and defective approach were approximately one-half mile north of that barricade. No other warnings or barricades were posted. This structure remained in place until after the time of the accident involved here.

During the day of July 17, 1951, a road crew worked on the damaged approach. They excavated entirely across the highway, making a hole over 8 feet in width, 12 feet in depth, and with sides straight up and down. They left the excavation about 4 p. m. that afternoon. They did not place any warnings or barricades on the bridge or highway, leaving the only warning that above described one-half mile to the south. That this crew was working for the defendant is not challenged here.

About 5 p. m. on that afternoon the plaintiff entered the road from the south. The weather was clear, visibility good, and the road dry. Plaintiff saw the barricade and the tracks around it, and went north around the barricade at 35 miles an hour. Thereafter he increased his speed to 45 to 50 miles an hour as he drove north. He proceeded without incident onto the bridge, and when 15 or 20 feet from the hole, saw it, concluded he could not stop, and acting instantly, accelerated his speed, and his car jumped the excavation. In the landing the front running gear of his car and particularly the left front wheel were considerably damaged. Plaintiff suffered, what here appears to be, minor personal injuries.

There is evidence that the hole was first visible from 50 to 100 feet from the south as one approached on the highway.

The statute provides: "In all actions brought to re-

cover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." § 25-1151, R. R. S. 1943.

"The statute by the use of the words 'when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison' clearly intended the words 'in comparison' as qualifying both of the clauses immediately preceding. The words 'slight' and 'gross' as used in the statute are comparative terms and the intent of the statute is that the negligence of the parties shall be compared one with the other in determining questions of slight and gross negligence." Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799.

We followed this holding in Krepcik v. Interstate Transit Lines, 153 Neb. 98, 43 N. W. 2d 609, and Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250.

Under this rule the negligence of the plaintiff is to be compared with the negligence of the defendant. The negligence of the defendant consists in its failure for a period of over a month (as stated by one witness) to repair or erect any adequate warnings or barriers at or near the bridge of the dangerous condition of the highway following the June washout; and its failure to erect any adequate warnings at or near the bridge following the time on July 17, 1951, where by the excavation it rendered the highway impassable and created an obviously dangerous situation there.

Defendant urges that plaintiff was guilty of negli-

.gence in that plaintiff drove past the barricade that only partially blocked the highway and which contained no indications of the reason for its being in the road. Passing such a barricade one-half mile away from an excavation across a road was not a sufficient act of negligence under the above rule as to bar recovery as a matter of law. But, thereafter plaintiff accelerated his speed to 45 to 50 miles an hour, and defendant argues that the two in combination constituted negligence.

The speed at which plaintiff traveled that one-half mile is not shown to have been in violation of the provisions of section 39-7,108, R. S. Supp., 1951, and as such is not in and of itself evidence of negligence under the rule as stated in Tempero v. Adams, 153 Neb. 331, 44 N. W. 2d 604. There is no evidence that the speed at which plaintiff drove that one-half mile had anything to do with causing this accident, save only that he came upon the bridge at 50 miles an hour, after having passed a point 50 to 100 feet from the excavation from which witnesses said the excavation could have been seen. There is no evidence that, at the speed at which he was traveling, he could have stopped his car before reaching the excavation, had he seen it.

Defendant also contends that plaintiff failed to see the excavation at a point where witnesses testified it could have been seen. It is contended that this is negligence which as a matter of law bars recovery. As to that we need only refer to the decision of this court in Hartford Fire Ins. Co. v. County of Red Willow, 149 Neb. 10, 30 N. W. 2d 51.

Defendant says that plaintiff was guilty of negligence as a matter of law barring recovery because his speed was such that he could not stop when he could have seen, but did not see, the excavation.

Defendant relies upon the rule as stated in Most v. Cedar County, 126 Neb. 54, 252 N. W. 465. Defendant overlooks the rule stated in Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732, as follows: "The general rule

with exceptions, which provides that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway that he cannot stop or turn aside in time to avoid an obstruction discernible within the range of his vision ahead, should embrace in the exceptions all situations wherein reasonable minds may differ on the question of whether or not the operator of the automobile exercised the care and prudence required of a reasonably careful and prudent person under the circumstances of the particular situation."

That rule presupposes "an obstruction discernible within the range" of the driver's "vision ahead." Here the obstruction is not in that classification. The obstruction here was a hidden one, discernible only when a driver was almost upon it.

If defendant's contention in this regard is correct, then any motorist driving Nebraska highways would be required to maintain a rate of speed that would at all times enable him to stop in 50 to 100 feet, lest he hit a hidden defect in a highway not discernible theretofore and be barred from recovery as a matter of law. Such is not the law.

Finally it is argued that plaintiff was guilty of negligence as a matter of law which bars recovery because when he discovered his peril he increased his speed instead of putting on the brakes. It seems to us that a jury could conclude reasonably that the use of brakes under the circumstances would have assured a serious accident. The rule is: "Where a driver of an automobile is suddenly confronted with an emergency requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong." Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766. We there applied the rule in a case where a plaintiff speeded up her car in an attempt to avoid a collision. It was contended that her act in that regard was negligent. We stated the above rule and further held: "All the law requires is that

one conduct himself as an ordinary, careful and prudent person would have done under similar circumstances, and if he does that he is not held to be negligent, even though he committed an error of judgment. Belik v. Warsocki, 126 Neb. 560, 253 N. W. 689. We cannot say therefore that the act of plaintiff in speeding up her car under the situation disclosed by her testimony constituted contributory negligence sufficient to bar recovery as a matter of law." Riekes v. Schantz, *supra*. The same holding applies here.

We conclude that under the comparative negligence statute the record here does not show contributory negligence which is sufficient as a matter of law to bar recovery. The trial court erred in so holding.

It becomes unnecessary to determine other questions presented by this appeal.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.