FRANK J. STRNAD, APPELLANT, V. HERMAN P. MAHR,
APPELLEE.

86 N. W. 2d 784

Filed December 20, 1957. No. 34190.

*John J. Lawler,* for appellant.

*Fraser, Crofoot, Wenstrand, Stryker & Marshall,* for
appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Frank J. Strnad, brought this action against
defendant, Herman P. Mahr, seeking to recover dam-
ages to plaintiff's car and to recover for loss of the serv-
ices of his wife together with damages resulting from
her personal injuries, all of which were alleged to have
been proximately caused by negligence of defendant
in backing his car out from the curb into plaintiff's car

while same was being operated by his wife, Helen J. Strnad.

Defendant, for answer, admitted that his car, driven by him, and plaintiff's car, driven by plaintiff's wife, collided at the time and place alleged by plaintiff, but denied that defendant was guilty of any negligence, and alleged that the collision was unavoidable by him and that the sole proximate cause thereof was the contributory negligence of plaintiff's wife which was more than slight.

Upon trial of the issues to a jury, verdict was rendered finding for defendant, and judgment was rendered thereon, with costs taxed to plaintiff. Thereafter, plaintiff's motion for new trial was overruled and he appealed, assigning, insofar as important here, that the trial court erred prejudicially in submitting the issue of alleged contributory negligence and the theory of comparative negligence to the jury. We sustain the assignment.

In that connection, this court has held: "Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or cooperating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of.

"The mere fact that contributory negligence may be pleaded as a defense does not justify the submission of that issue to the jury where there is no evidence to support it.

"Ordinarily, contributory negligence is a question for the jury; but, where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby to submit to the jury an issue which is outside the evidence." Bay v. Robertson, 156 Neb. 498, 56 N. W. 2d 731.

Also, in Fries v. Goldsby, 163 Neb. 424, 80 N. W. 2d 171, we reaffirmed the last rule above stated and held: "The court should submit to the jury only such issues

as find some support in the evidence, and where an issue is submitted without support in the evidence which is calculated to mislead the jury in the consideration of the facts to the prejudice of the complaining party, the judgment must be reversed."

Further, in the last-cited opinion, we said: "Also, as held in Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528, 67 A. L. R. 642: 'The operator of a motor vehicle in backing the same onto a street or highway must look backward, not only before he begins his operation, but also while he is in the act of backing, and must give a signal of his intention to back when a reasonable necessity for it exists, in order that he may not collide with or injure those lawfully using such street or highway.' See, also, Annotation, 67 A. L. R. 655; Chew v. Coffin, 144 Neb. 170, 12 N. W. 2d 839.

"In Annotation, 29 A. L. R. 2d 112, it is said, citing many authorities from this and other jurisdictions: 'In cases dealing with injury or damage resulting from the movement of a motor vehicle which had been parked at the curb of a street * * * the courts have concurred in recognizing that the operator of such a parked car is under a duty of yielding the right of way in the travelled portion of the street * * * to * * * other motor vehicles which are moving thereon at the time, and that before moving into traffic the operator of the parked car must exercise reasonable care to look for other users of the street, and must refrain from moving his own vehicle until he ascertains that such a movement is consonant with the safety of others.'

"Also, as held in Angstadt v. Coleman, 156 Neb. 850, 58 N. W. 2d 507: 'A user of the highway may assume, unless and until he has warning, notice, or knowledge to the contrary, that other users of the highways will use them in a lawful manner, and until he has such warning, notice, or knowledge, he is entitled to govern his actions in accordance with such assumption.'"

In Annotation, 29 A. L. R. 2d, p. 145, it is said: "It

is implicit in the cases involving collisions between passing automobiles and motor vehicles moving into the line of traffic from parking spaces at the side of the road that the passing motorist is under a general duty of keeping a reasonable lookout ahead for other vehicles and to keep his car under reasonable control so as to be able to avoid collision with other vehicles which may move into the highway in the exercise of reasonable care." See, also, page 151 of the same annotation.

As held in Paddack v. Patrick, 163 Neb. 355, 79 N. W. 2d 701: "A driver of a motor vehicle should have his car under such reasonable control as will enable him to avoid collision with other vehicles, assuming that the drivers thereof will exercise due care.

" 'Reasonable control' by drivers of motor vehicles is such as will enable them to avoid collision with other vehicles operated without negligence in streets or intersections, and with pedestrians in the exercise of due care; but 'complete control' such as will only prevent a collision by anticipation of negligence or illegal disregard of traffic regulations, in absence of notice, warning, or knowledge, is not required by the laws of Nebraska."

As held in Andelt v. County of Seward, 157 Neb. 527, 60 N. W. 2d 604: " 'Where a driver of an automobile is suddenly confronted with an emergency requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong.' Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766. We there applied the rule in a case where a plaintiff speeded up her car in an attempt to avoid a collision. It was contended that her act in that regard was negligent. We stated the above rule and further held: 'All the law requires is that one conduct himself as an ordinary, careful and prudent person would have done under similar circumstances, and if he does that he is not held to

be negligent, even though he committed an error of judgment. Belik v. Warsocki, 126 Neb. 560, 253 N. W. 689.' "

Also, in Belik v. Warsocki, 126 Neb. 560, 253 N. W. 689, this court said: "The law is quite well settled that, where one is confronted suddenly with an emergency and is required to act quickly, he is not necessarily negligent if he pursues a course which mature reflection or deliberate judgment might prove to be wrong. The law does not require under such circumstances that no mistakes should be made. All it requires is that one demean himself as an ordinary, careful and prudent person would have done, under like circumstances, and if he does that, he is not held to be negligent, even though he committed an error in judgment. Wilson v. Roach, 101 Okla. 30. Neither is a person, under such circumstances, required to exercise the same degree of care and circumspection a prudent person would have exercised where no danger is present. Frish v. Swift & Co., 97 Neb. 707. It has also been held that where two alternatives are presented to a traveler on a highway as modes of escape from collision with an approaching traveler, either of which might fairly be chosen by an intelligent and prudent person, the law will not hold him guilty of negligence for taking either. Skene v. Graham, 114 Me. 229."

In the light of such rules, we have examined the record to determine whether or not there was any competent evidence from which it could have been reasonably concluded that plaintiff's driver was guilty of any contributory negligence which proximately contributed to or caused the accident and alleged damages complained of by plaintiff. We conclude that there was not.

In that connection, the trial court substantially submitted to the jury defendant's allegations that plaintiff's wife was guilty of contributory negligence as follows: (1) In failing to honk her horn or warn defendant of

the presence of plaintiff's car; (2) in failing to stop in order to avoid colliding with defendant's car when she knew the presence and location thereof at the time and place; (3) in failing to swerve or make use of the instrumentalities within her control; and (4) in failing to turn out around defendant's car to avoid collision therewith. There was no allegation that plaintiff's wife failed to keep a proper lookout or was driving at an unlawful or excessive speed.

Insofar as important here, the record discloses the following: The accident occurred on July 11, 1955, at about 2:30 p. m. It was a hot, sunny afternoon. Plaintiff's wife was driving plaintiff's 1946 maroon Mercury coach. Prior to the accident she had driven north on Seventeenth Street to the Medical Arts Building in Omaha where she stopped in the east lane at a bus and cab station and let her oldest son out. Seventeenth Street was a traffic-light-controlled, four-lane, one-way street for north-bound traffic. She then drove on north and crossed the intersection at Seventeenth and Dodge Streets with the green light. Shortly thereafter, she was able to cross over and drive north at 10 or 15 miles an hour in the second lane from the west on Seventeenth Street. She intended to turn left at the intersection of Seventeenth Street and Capitol Avenue and drive west up the very steep grade on Capitol Avenue. As she reached the intersection, she held out her arm to indicate that she was about to turn to the left. Thus, having the green light for northbound traffic, she entered that intersection and stopped near the center thereof to let a car pass on her left and proceed on toward the north. After that car had passed her, plaintiff's wife shifted into low gear and turned left across the west lane of Seventeenth Street to the west pedestrian's crosswalk running north and south. A lady and little boy were crossing that walk toward the north, so plaintiff's wife hesitated momentarily to permit them to cross. She then noticed defendant's car, which was admittedly

a 1951 brown two-door Ford, 16.4 feet long, parked diagonally, headed in a northwest direction in the first parking space on the north side of Capitol Avenue about 25 feet west of the west curb line of Seventeenth Street.

Capitol Avenue, running east and west, was a two-way street, wide enough for cars to park diagonally on both the north and south sides thereof, as they were parked at that time, yet there was enough room for a least three cars to proceed thereon between the parked cars. When plaintiff's wife first saw defendant's car, it was standing parked at the curb, so she proceeded west, still in low gear, at about 5 miles an hour, up the steep grade of Capitol Avenue in the north lane for westbound traffic, with the right side of plaintiff's car about 18 or 20 feet south of the north curb. No other cars were travelling east or west on Capitol Avenue at that time, although there was a car double-parked on the south side of the street, near the crest of the hill, in about the middle of the block. The driver of that car was sitting and waiting for a space to park his car if any should be vacated. He testified that he saw the accident and said he thought plaintiff's wife was driving about 10 or 12 miles an hour as she proceeded west from Seventeenth Street at a slight angle toward the northwest.

Be that as it may, when plaintiff's wife got within about 12 feet from defendant's car, she saw defendant start to back his car out fast down the incline, without giving any signal or warning or braking his car, so she stepped down hard on her brakes and swerved left with no time to honk her horn, whereupon about the center of the back end of defendant's car collided with the right front light, fender, and wheel of plaintiff's car, allegedly damaging same and injuring the head and neck of plaintiff's wife. Thereafter, both cars stopped near each other, and defendant got out, saying to plaintiff's wife: " 'Where in the hell did you come from? I just looked across the street and the light

was red'" meaning that it was red against traffic going west across and from Seventeenth Street. Defendant testified that he had no recollection of making such statement and didn't believe that he did, although he might have done so.

Defendant admittedly did not honk his horn or give any signal that he was going to back out. Also, he admitted that he never braked his car and never even saw plaintiff's car until after the impact. In that connection, he testified that he looked over his right shoulder and saw that the traffic light on Capitol Avenue was red against east and west traffic, then he backed out a foot or foot and one-half, and hesitated, then looked over his left shoulder, and seeing no car, he backed slowly out, 3 or 4 feet more at 2 or 3 miles an hour, whereupon the collision occurred. Defendant's manner of backing out and the distance he did so were corroborated in some respects by the eyewitness heretofore mentioned. However, in a deposition previously taken, defendant admitted that the front of his car was out 6 or 8 feet from the curb at the time of the impact; which corresponded with the version of that fact by plaintiff's wife.

In the light of the foregoing evidence, we cannot discover that plaintiff's wife was guilty of any contributory negligence proximately contributing to or causing the accident. She was in a proper, lawful lane of traffic where she had the right-of-way. She was not driving at an unreasonable or excessive rate of speed, and no contention was made otherwise. She was keeping a proper lookout, and no contention was made otherwise. When defendant backed out just 12 feet from plaintiff's car, plaintiff's wife was confronted with an emergency of which she alone was entitled to the benefit. In that situation, she had a right to assume, unless and until she had warning, notice, or knowledge to the contrary, that defendant would use the ordinary care required in backing out from the curb into her path, and until she

had such warning, notice, or knowledge, she was entitled to govern her actions in accordance with such assumption. At the speed the cars were approaching each other, it could not be reasonably concluded that she had any time or opportunity to do more than she did to avoid the collision.

For reasons heretofore stated, we conclude that the trial court erred prejudicially in submitting the issue of alleged contributory negligence of plaintiff's wife and the theory of comparative negligence to the jury. Therefore, the judgment should be and hereby is reversed and the cause is remanded for new trial. All costs are taxed to defendant.

REVERSED AND REMANDED.